IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ABBVIE INC., *et al.*, <br><br> *Plaintiffs*, <br><br> –v– <br><br> LIZ MURRILL, in her official capacity as Attorney General of Louisiana, <br><br> *Defendant*. | **Case No. 6:23-CV-01307** <br><br> **JUDGE: Robert R. Summerhays** <br><br> **MAGISTRATE JUDGE: Carol B. Whitehurst** |

<u>**LOUISIANA PRIMARY CARE ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO INTERVENE**</u>

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ....................................................................................................................... 1

    I.     LPCA Is Entitled to Intervene as of Right ............................................................... 1

          A.     LPCA's Interests Are Not Adequately Protected by the Attorney General.. ................................................................................................................... 1

          B.     LPCA's Motion is Timely .......................................................................... 5

          C.     Interests of LPCA's Members May Be Impaired by the Disposition of the Litigation ................................................................................................... 7

    II.    LPCA Satisfies the Standards for Permissive Intervention Under Rule 24(b)(2) .. 9

CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Astra USA, Inc. v. Santa Clara Cnty.*, 563 U.S. 110 (2011) ............................................................. 8

*AstraZeneca Pharmaceuticals LP v. Landry*, 6:23-cv-01042-RRS-CBW .................................... 7

*AstraZeneca Pharms. LP v. Murrill*, 6:23-cv-01042-RRS-CBW ...................................................... 5

*Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179 (2022) ...................................................... 1

*Chevron Env't Mgmt. Co. v. EPA*, 335 F.R.D. 316, 322 (E.D. Cal. 2020).................................... 6

*Entergy Gulf States La. v. United States E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) ....................... 1

*Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) ................................. 2

*Harrisburg Hosp. v. Thornburgh*, 611 F. Supp. 900, 903 (M.D. Penn. 1985) ............................... 9

*In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2016).................................................. 8

*Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2010 WL 2008845, at *3 (M.D. La. May 19, 2010) ................................................................................................................................................ 6

*Louisiana v. Haaland*, No. 2:23-cv-01157, 2023 WL 5989052, at *3 (W.D. La. Sept. 14, 2023)... ................................................................................................................................................... 2, 3, 9

*Mastercard Int'l Inc., v. Visa Int'l Servs. Ass'n., Inc.*, 471 F.3d 377, 390-91 (2d Cir. 2006) ........ 6

*Maxum Indem. Co. v. Thermax, Inc.*, No. CV 19-10583-NMG, 2020 WL 9743896, at *14 (D. Mass. Jan. 7, 2020) ........................................................................................................................ 7

*NAACP v. New York*, 413 U.S. 345, 367 (1973).................................................................... 6, 9, 10

*New Orleans Public Service, Inc. v. United Gas Pipe Line Co* ....................................................... 9

*Newby v. Tex. State Bd. of Pub. Acct.*, 443 F.3d 416, 424 (5th Cir. 2006)................................... 10

*Pharm. Rsch. & Mfrs. of Am. v. McClain*, 4:21-cv-00864 (E.D. Ark. May 3, 2022)................. 5, 9

*Pharm. Rsch. & Mfrs. of Am. v. Murrill*, 6:23-cv-000997-RRS-CBW ....................................... 5, 7

*R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 9 (1st Cir. 2009) .................... 9

*Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021)................................................................... 1

*Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977) ..................................................... 6

*State of Louisiana v. Biden,* 338 F.R.D. 219 (W.D. La. 2021) .................................................. 4, 5

*Students for Fair Admissions, Inc. v. President of Harvard Coll.*, 308 F.R.D. 39, 45 (D. Mass. 2015) ........................................................................................................................................ 7, 9

*Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015) ............................................................ 2

*Trbovich v. United Mine Workers*, 404 U.S. 528, 537-38 (1972) .................................................. 1

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562 (5th Cir. 2016) ............. .................................................................................................................................... 1, 2, 6, 8, 9

**Statutes**

42 U.S.C. § 256b(a)(5)(A) ............................................................................................................ 4

**Federal Registers**

Notice Regarding 340B Drug Pricing Program―Contract Pharmacy Services, 65 Fed. Reg. 10272, 10278 (Mar. 5, 2010) ...................................................................................................... 4

**Federal Rules**

Fed. R. Civ. P. 24(b)(1), (b)(1)(B) ................................................................................................ 9

**Other Authorities**

Ark. Ins. Dep't, Bulletin No. 13-2023, AID Enforcement of Act 1103 of 2021 (2023), https://insurance.arkansas.gov/site/assets/files/1914/bulletin_13-2023_-_aid_enforcement_of_act_1103_of_2021.pdf .......................................................................... 3

Florida Agency for Health Care Administration*, Overview of the 340B Program*, (last visited Feb. 15, 2024), https://ahca.myflorida.com/content/download/5318/file/340B_instructions.pdf (Requiring contract pharmacies to apply unique 340B identifiers on both Medicaid FFS and MCO claims when billing for 340B drugs) .............................................................................. 4

*GSK's 340B Contract Pharmacy Policy*, GlaxoSmithKline (May 1, 2023), https://www.340besp.com/GSK%20Policy%20Change%20Letter,%20FAQ,%20NDC%20List.pdf ............................................................................................................................................... 8

*Hearing on HB548*, 2023 Regular Session (La. 2023) (statement of Dr. Shondra Williams, 1:38:00 – 1:44:22), available at https://senate.la.gov/s_video/VideoArchivePlayer?v=senate/2023/05/051023HW ................... 2

*Notice Regarding Bristol Myers Squibb 340B Practice*, Bristol Myers Squibb (Oct. 6, 2023), https://www.340besp.com/BMS_CE_Letter.pdf ....................................................................... 8

*Update to Boehringer Ingelheim Contract Pharmacy Policy*, Boehringer Ingelheim (June 22, 2023), https://www.340besp.com/Boehringer%20Ingelheim%20-%20Letter%20to%20340B%20Covered%20Entities.pdf ......................................................... 8

# INTRODUCTION

Louisiana Primary Care Association ("LPCA") satisfies all requirements for intervention as of right. LPCA has overcome any presumption that the Louisiana Attorney General ("AG") adequately represents its interests because it can demonstrate that it and the AG have divergent interests in defending Act 358. LPCA's motion to intervene is also timely and will not result in undue delay or prejudice. The remaining intervention factors weigh in favor of granting LPCA's motion to intervene because LPCA can demonstrate that it has an interest in the outcome of this litigation and that its members may be harmed if the lawsuit is not decided in favor of Defendant. Alternatively, this Court should grant LPCA's motion to intervene under the discretionary standard of permissive intervention.

# ARGUMENT

**I.    LPCA Is Entitled to Intervene as of Right**

**A.    LPCA's Interests Are Not Adequately Protected by the Attorney General**

The Fifth Circuit has a "broad policy favoring intervention" and construes Rule 24 liberally. *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016) ("*Wal-Mart*"). LPCA has more than met the "minimal" burden of showing that its interests are not adequately represented by the parties. *Entergy Gulf States La. v. United States E.P.A*, 817 F.3d 198, 203 (5th Cir. 2016); *Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021).

AbbVie cites a presumption of adequate representation when a party seeks to intervene on the same side as a government agency. AbbVie Opp'n 6-10. But that presumption is inconsistent with Supreme Court precedent applying no such presumption in a similar circumstance. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 537-38 (1972); *see also Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 195-98 (2022) (questioning validity of presumption and declining to apply it to a duly authorized state agent).

1

Even if a presumption that the AG adequately represents LPCA applies in this case, LPCA can rebut this presumption because its interests differ from, or conflict with, the Attorney General's interests in such a way that "the existing representation may be inadequate; this showing need not amount to a certainty." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (cleaned up); *see also Texas v. United States*, 805 F.3d 653, 662 (5th Cir. 2015). The Fifth Circuit has held that "associations representing licensed business owners," such as LPCA, "have a right to intervene in lawsuits challenging the regulatory scheme that governs the profession." *Wal-Mart*, 834 F.3d at 567. And "civic organizations that successfully petition for adoption of a law may intervene to vindicate their 'particular interest' in protecting that law."[1] *Id.* LPCA advocated extensively for passage of Act 358. Attachment A.

LPCA can "demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case." *Texas*, 805 F.3d. at 662. This Court has characterized the threshold for this showing as "minimal." *Louisiana v. Haaland*, No. 2:23-cv-01157, 2023 WL 5989052, at *3 (W.D. La. Sept. 14, 2023). LPCA meets that minimal burden because LPCA has narrower and differing interests than that of the AG: LPCA seeks to maintain specific protections for delivery of 340B drugs to contract pharmacies, while the AG has a broad interest in protecting laws that impact the public health of Louisiana's citizens. *See Wal-Mart*, 834 F.3d at 569 (An association's "interests—protecting its members' businesses—are narrower than the [government body's] broad public mission."); *see also Texas*, 805 F.3d at 662.

For purposes of overcoming the presumption of adequate representation, "interest" is not the same as "objective." *See Haaland*, 2023 WL 5989052, at *3 (While the government and

---

[1] In addition, Dr. Shondra Williams, President and CEO of InclusivCare, an LPCA member, provided pivotal testimony for the passage of Act 358 on May 10, 2023. *See Hearing on HB548*, 2023 Regular Session (La. 2023) (statement of Dr. Shondra Williams, 1:38:00 – 1:44:22), available at https://senate.la.gov/s_video/VideoArchivePlayer?v=senate/2023/05/051023HW.

proposed intervenor "both ha[d] the same objective" (upholding a lease), the government's interest was more devoted to the "integrity of its own process" to approve the lease . . . .). LPCA and the Attorney General have the same "objective" in defending Act 358, but this shared objective does not mean that the AG has the same "interests" as LPCA.

      The interests of LPCA and the AG differ for several reasons. First, Louisiana has not yet promulgated rules to implement Act 358, and LPCA is not aware that Defendant has taken any enforcement actions against drug companies that are violating Act 358. For example, Tulane Doctors Ryan White Clinic ("TDRWC"), a Louisiana covered entity owned by Tulane University, wrote to the Louisiana Department of Justice in October 2023 to complain that Boehringer Ingelheim Pharmaceuticals, Inc has failed to comply with Act 358 and continues to restrict shipments of 340B priced drugs to TDRWC's contract pharmacies. Attachment B. TDRWC has received no notice that enforcement has been initiated. Attachment B.

      AbbVie asserts, with no evidence, that the AG has not enforced the Act because of this and other related litigation. The AG stated no such rationale. Act 358 is in effect, and AbbVie has not explained the absence of enforcement. Indeed, the state has not publicly issued any stay of enforcement. In contrast, Arkansas has been enforcing its Act 1103 during litigation concerning that statute, which is substantially similar to Act 358, demonstrating that enforcement can readily proceed during litigation. Ark. Ins. Dep't, Bulletin No. 13-2023, AID Enforcement of Act 1103 of 2021 (2023), https://insurance.arkansas.gov/site/assets/files/1914/bulletin_13-2023_-_aid_enforcement_of_act_1103_of_2021.pdf.

      Moreover, LPCA's interest is to ensure that all 340B-eligible drugs can be shipped to contract pharmacies, while the AG's client, the state of Louisiana, specifically limits 340B shipments to contract pharmacies. It is AbbVie that misrepresents federal law. AbbVie Opp'n

3

LPCA Mot. to Intervene 6-9, ECF No. 39 ("AbbVie Opp'n"). The 340B statute prohibits covered entities from receiving a 340B discount on drugs that are subject to a Medicaid rebate. 42 U.S.C. § 256b(a)(5)(A). The issue here is how Louisiana has chosen to ensure compliance with this requirement. Every 340B drug that a covered entity dispenses to a Medicaid patient means that the State Medicaid agency loses a rebate. The federal Department of Health and Human Services ("HHS") forbids covered entities from dispensing 340B drugs to Medicaid fee-for-service ("FFS") beneficiaries unless the state, the covered entity, and the contract pharmacy "have established an arrangement to prevent duplicate discounts." Notice Regarding 340B Drug Pricing Program—Contract Pharmacy Services, 65 Fed. Reg. 10272, 10278 (Mar. 5, 2010). Louisiana has chosen not to permit such arrangements and instead keeps the rebates for itself, depriving covered entities of 340B discounts for drugs dispensed to these patients.[2] La. Dep't of Health, Bulletin No. 16-9, 340B Policy Clarification (2023).[3] And it has gone a step further and prohibited 340B dispensations by contract pharmacies to all Medicaid recipients, including managed care enrollees. *Id.* The state has chosen to maximize its rebates at the expense of 340B discounts to covered entities. The state's interests clearly diverge from LPCA's.

AbbVie misstates this Court's decision in *State of Louisiana v. Biden*, 338 F.R.D. 219 (W.D. La. 2021), arguing that LPCA and the Attorney General have the same ultimate objective and, therefore, LPCA cannot overcome the presumption of adequate representation. AbbVie Opp'n 8. In *Biden*, the court stated that a case may have only one ultimate objective, but the Court's decision to deny intervention did not turn on that point (as alleged by AbbVie), but

---

[2] Other states permit 340B covered entities to provide 340B drugs to Medicaid patients. *See* Florida Agency for Health Care Administration, *Overview of the 340B Program*, (last visited Feb. 15, 2024), https://ahca.myflorida.com/content/download/5318/file/340B_instructions.pdf (Requiring contract pharmacies to apply unique 340B identifiers on both Medicaid FFS and MCO claims when billing for 340B drugs).
[3] https://ldh.la.gov/assets/HealthyLa/Pharmacy/Council/InformationalBulletin16-9.pdf)

4

instead on the proposed intervenors having the same *interest* as the government in achieving the single ultimate *objective*. *Biden*, 338 F.R.D. at 223-24. LPCA demonstrated that its interests in achieving a single ultimate objective—upholding Act 358—differ from the interests of the Attorney General, who has an interest in defending the state's right to legislate generally.

AbbVie also fails to recognize that a District Court in Arkansas acknowledged that the intervenor's interests diverged from the state's. AbbVie Opp'n 9, n.1. The District Court in Arkansas noted that the State's broad interest in protecting the constitutionality of duly enacted state laws was different than the intervenor's economic interests in the law and granted the motion to intervene. Order Granting Mot. to Intervene at 67, *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 4:21-cv-00864 (E.D. Ark. May 3, 2022), ECF No. 22. Similarly, LPCA has an interest in the protections of Act 358 for both the economic interests of its members and the health of its members' patients. *See* LPCA Intervention Br. 12-14, ECF No. 30-1.

Finally, in the interest of consistency, this Court should grant LPCA's motion to intervene because this Court granted LPCA's motion to intervene in two related cases. *See* Order Granting Mot. to Intervene, *AstraZeneca Pharms. LP v. Murrill*, 6:23-cv-01042-RRS-CBW, ECF No. 29; Order Granting Mot. to Intervene, *Pharm. Rsch. & Mfrs. of Am. v. Murrill*, 6:23-cv-000997-RRS-CBW, ECF No. 26. Granting these prior motions to intervene suggests that this Court has already decided that the Attorney General does not adequately represent LPCA.

### B.     LPCA's Motion is Timely

AbbVie's arguments that LPCA's motion to intervene is untimely are unpersuasive and the case law it cites is distinguishable from this case. AbbVie Opp'n 11-12. AbbVie concedes that "the 'most important consideration' about timeliness is the 'extent of the prejudice that the existing parties to the litigation may suffer . . . .'" AbbVie Opp'n 12. AbbVie can show no prejudice. AbbVie contends that it will suffer prejudice if LPCA is allowed to intervene because

"the Attorney General has already answered, and AbbVie has already filed its dipositive [sic] motion." AbbVie Opp'n 13. AbbVie fails to explain how any of this will prejudice it. The AG has not filed its dispositive motion, and LPCA will meet all deadlines applicable to the AG.[4] Furthermore, this Court permitted LPCA to intervene in both the *AstraZeneca* and *PhRMA* cases after answers were filed and the plaintiffs filed their dispositive motions. Those plaintiffs were not prejudiced. Considering "all the circumstances" noted above and the flexibility of the timeliness standard, LPCA's motion is timely. *Wal-Mart*, 834 F.3d at 565; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).

None of the cases cited by AbbVie are on point. *See NAACP v. New York*, 413 U.S. 345, 367 (1973) (motion to intervene as defendant filed after the named defendant consented to entry of judgment); *Keybank Nat'l Ass'n v. Perkins Rowe Assocs., LLC*, 2010 WL 2008845, at *3 (M.D. La. May 19, 2010) (motion to intervene filed "nine months after [Plaintiff] filed the underlying action" and "substantial discovery ha[d] taken place"); *Mastercard Int'l Inc., v. Visa Int'l Servs. Ass'n., Inc.*, 471 F.3d 377, 390-91 (2d Cir. 2006) (motion to intervene filed after party lost its motion to dismiss and on "the eve of the preliminary injunction hearing"); *Chevron Env't Mgmt. Co. v. EPA*, 335 F.R.D. 316, 322 (E.D. Cal. 2020) (motion to intervene filed "after the entry of default judgment"). The facts in this case are clearly distinguishable from these cases.

AbbVie contends that LPCA waited "nearly" five months to move to intervene. AbbVie Opp'n 16. AbbVie is incorrect. AbbVie filed its amended complaint on September 27, 2023, and LPCA filed its motion to intervene less than four months after, on January 19, 2024. This timeline mirrors the four-month timeline that another court found reasonable. *Maxum Indem. Co. v. Thermax, Inc.*, No. CV 19-10583-NMG, 2020 WL 9743896, at *14 (D. Mass. Jan. 7,

---

[4] This Court granted the AG's recent request for a seven-day extension to file its cross-motion for summary judgment, which is now due on Feb. 23, 2024. Order, ECF No. 42. LPCA will comply with that deadline.

6

2020). In addition, Defendant submitted its answer on November 22, 2023, and LPCA filed for intervention almost exactly two months later. A motion to intervene is not untimely when the "motion [for intervention was] filed only two months after defendant submitted [its] answer." *Id.* at *14 (quoting *Students for Fair Admissions, Inc. v. President of Harvard Coll.*, 308 F.R.D. 39, 45 (D. Mass. 2015). That is, again, the precise timeline in this case.

AbbVie's arguments comparing this case to *AstraZeneca Pharmaceuticals LP v. Landry*, 6:23-cv-01042-RRS-CBW and *Pharmaceutical Research & Manufacturers of America v. Landry*, 6:23-cv-000997-RRS-CBW, support the timeliness of LPCA's motion. The amended complaint in this case was filed on September 27, 2023, well over a month after AstraZeneca and PhRMA filed their complaints (August 4 and July 27, respectively). The Defendant's answer in this case was filed on November 22, 2023, over two months after AstraZeneca and PhRMA (September 19 and September 11, respectively). LPCA's timely filing for intervention occurred on a similar schedule in all cases: around three months after filing of the complaint and around two months after filing of the answers.

### C. Interests of LPCA's Members May Be Impaired by the Disposition of the Litigation

AbbVie's discussion of private rights of action and the 340B administrative dispute resolution ("ADR") procedures are irrelevant here. AbbVie Opp'n 1, 2, 5, 11, 13-15, 17. LPCA is not suing AbbVie, so LPCA's alleged lack of a private right of action under federal and state law is immaterial. LPCA seeks to intervene as a *defendant*—thus, in effect, AbbVie would be suing LPCA. The availability of ADR also has no bearing because ADR governs *federal* requirements, while LPCA seeks to defend its members' rights under *state* law. An ADR proceeding would concern a specific covered entity's allegations against a specific drug company, while this case concerns a state law establishing distribution requirements within

7

Louisiana applicable to all drug companies. In addition, the *Astra* decision addressed private rights of action exclusively under the 340B Program. *Astra USA, Inc. v. Santa Clara Cnty.*, 563 U.S. 110 (2011). It did not address a state law such as Act 358, which regulates the distribution of 340B drugs *outside* the 340B Program. *See id.* at 116. An intervenor only has to show that it has a right "worthy of protection," not that the intervenor has standing to pursue a separate claim. *Wal-Mart*, 834 F.3d at 566.

Similarly, AbbVie's argument that LPCA's members are not harmed by AbbVie's contract pharmacy policy is misplaced. AbbVie Opp'n 15. AbbVie has not sued to halt enforcement of Act 358 solely as applied to AbbVie. AbbVie asks this Court to invalidate the law entirely. *See* Compl. at 37, ECF No. 1 (seeking a declaration and order that Act 358 is unconstitutional and a "permanent injunction enjoining the Louisiana Attorney General from enforcing Act 358"). If AbbVie succeeds, Act 358 will not be enforced against any drug company, including those that do restrict access to LPCA's members.[5] Moreover, AbbVie could at any time restrict contract pharmacy orders from LPCA's members, as other companies have done. LPCA has shown that the outcome of this litigation may impede the ability of LPCA members to protect their interests. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2016) ("[P]ossibility of a practical harm to [Intervenor's] interest . . . is sufficient to show impairment.").

AbbVie (at 15) "misreads the law and facts" of *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.* ("*NOPSI*") to argue that LPCA's interest is generalized economic harm

---

[5] *See Notice Regarding Bristol Myers Squibb 340B Practice*, Bristol Myers Squibb (Oct. 6, 2023), https://www.340besp.com/BMS_CE_Letter.pdf ("BMS's 340B practice . . . will become applicable to all 340B covered entity types."); *GSK's 340B Contract Pharmacy Policy*, GlaxoSmithKline (May 1, 2023), https://www.340besp.com/GSK%20Policy%20Change%20Letter,%20FAQ,%20NDC%20List.pdf ("Federal Grantees are no longer exempt from the GSK 340B Contract Pharmacy Policy."); *Update to Boehringer Ingelheim Contract Pharmacy Policy*, Boehringer Ingelheim (June 22, 2023), https://www.340besp.com/Boehringer%20Ingelheim%20-%20Letter%20to%20340B%20Covered%20Entities.pdf ("[C]overed entities that are non-CH/CHC covered entity type Federal grantees are no longer exempt from [Boehringer Ingelheim]'s 340B Program contract pharmacy policy.").

that does not support intervention. *Wal-Mart*, 834 F.3d at 567 ("*NOPSI* did not create a bar preventing all intervention premised on 'economic interests'" because "[s]uch a rule would be inconsistent with Supreme Court precedent permitting intervention based on economic interests."). Moreover, LPCA has articulated its interests in this litigation to include both economic interests and the ability to provide 340B drugs to patients of its members. LPCA Intervention Br. 12-14. Deprivation of this safety-net mission is not an economic harm.

## II. LPCA Satisfies the Standards for Permissive Intervention Under Rule 24(b)(2)

The same factors discussed above demonstrate that LPCA meets all the factors required under Rule 24(b) for permissive intervention. Fed. R. Civ. P. 24(b)(1), (b)(1)(B). *See Students for Fair Admissions, Inc.*, 308 F.R.D. at 45 (finding timeliness for permissive intervention when intervenors filed two months after answer was filed); Order Granting Mot. to Intervene at 7, *Pharm. Rsch. & Mfrs. of Am. v. McClain*, 4:21-cv-00864 (E.D. Ark. May 3, 2022), ECF No. 22 (Permissive intervention is warranted where a similar state law was challenged); *Haaland*, 2023 WL 5989052 (Applicants overcame both presumptions of adequate representation because they met the minimal burden of demonstrating that their interests differ from the interests of the government).

The cases that AbbVie cites in support of its argument that LPCA's motion is untimely are distinguishable as part of the "all the circumstances" test for timeliness. *Wal-Mart*, 834 F.3d at 565. None of those circumstances are applicable to this case. *NAACP*, 413 U.S. at 367 (see above); *Harrisburg Hosp. v. Thornburgh*, 611 F. Supp. 900, 903 (M.D. Penn. 1985) (noting that litigation had substantially progressed); *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 9 (1st Cir. 2009) (by the time intervention was requested "the original parties had forged a settlement of their dispute" and the "proposed intervention was aimed at disrupting that settlement").

9

The principal factor that courts consider in ruling on permissive intervention is whether the proposed intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." *Newby v. Tex. State Bd. of Pub. Acct.*, 443 F.3d 416, 424 (5th Cir. 2006). LPCA's intervention will not result in any undue delay or prejudice. LPCA restates that it is ready to participate fully and actively in this case and will comply with the briefing schedule that the Court set on February 14, 2024. Order, ECF No. 22.

AbbVie's accusation that LPCA "bided its time" to read AbbVie's dispositive brief before moving to intervene is disingenuous. AbbVie Opp'n 17. As LPCA explained in its memorandum in support of intervention, LPCA contacted counsel to AbbVie on January 11, 2024, to ask whether it would consent to LPCA's motion to intervene, which was *before* AbbVie filed its motion for summary judgment.[6] LPCA Intervention Br. 12 n.4. AbbVie did not inform LPCA of AbbVie's position until eight days later, on January 19, 2024.

Finally, AbbVie argues that no unusual circumstances are present in this case to allow permissive intervention. Not so. The *NAACP* court, which AbbVie cites as support, also found that an "unusual circumstance" would be present if "inadequate representation" is demonstrated. *NAACP*, 413 U.S. at 368. Inadequate representation, and thus an unusual circumstance, is present in this case as shown above in Section I.A.

## CONCLUSION

LPCA respectfully contends that the Court should grant its motion for intervention.

Dated: February 16, 2024                    Respectfully submitted,

*/s/ Carroll Devillier, Jr.*                    */s/Ronald S. Connelly*

---

[6] AbbVie's suggestion of gamesmanship is curious, given that it positioned itself for briefing after PhRMA and AstraZeneca and then responded nine times in its opening brief to the AG's brief in the separate AstraZeneca case. AbbVie's Mem. Supp. Mot. Summ. J., ECF No. 28-1, at 24, 28, 29, 31, 32, 37, 38.

<div style="columns:2">

Carroll Devillier, Jr.
LA Bar No. 30477
Breazeale, Sachse & Wilson, LLP
One American Place
301 Main Street, Suite 2300
Baton Rouge, LA 70801
T: (225) 381-8013
Carroll.Devillier@bswllp.com
*Counsel for Intervenor Louisiana Primary Care Association*

Ronald S. Connelly*
D.C. Bar No. 488298

/s/*Barbara Straub Williams*
Barbara Straub Williams*
D.C. Bar No. 396582

William von Oehsen
D.C. Bar No. 423381

Fernando Montoya
D.C. Bar No. 90007361

Hannah Comeau
D.C. Bar No. 90008945

POWERS PYLES SUTTER & VERVILLE, PC
1501 M Street, N.W., 7th Floor
Washington, DC 20005
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenor-Defendant Louisiana Primary Care Association*
*Admitted pro hac vice

</div>

11

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Louisiana Primary Care Association's Reply to Plaintiff's Opposition to Louisiana Primary Care Association's Motion to Intervene was electronically filed with the Clerk of Court via the Court's CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

Dated: February 16, 2024                    Respectfully submitted,

*/s/Ronald S. Connelly*
Ronald S. Connelly*
D.C. Bar No. 488298
POWERS PYLES SUTTER & VERVILLE, PC
1501 M Street, N.W., 7th Floor
Washington, DC 20005
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenor-Defendant Louisiana Primary Care Association*
*Admitted pro hac vice

1