UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ABBVIE INC., ET AL**              CASE NO. 6:23-CV-01307

**VERSUS**                          JUDGE ROBERT R. SUMMERHAYS

**LIZ MURRILL, IN HER OFFICIAL      MAGISTRATE JUDGE CAROL B.
CAPACITY AS ATTORNEY                WHITEHURST
GENERAL OF LOUISIANA**

## MEMORANDUM RULING

Before the Court is Louisiana Primary Care Association's ("LPCA") Motion to Intervene. (Rec. Doc. 30). Plaintiffs oppose the Motion (Rec. Doc. 39), and LPCA replied. (Rec. Doc. 47). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is RECOMMENDED that LPCA's Motion be GRANTED.

### Facts and Procedural History

This action requesting declaratory and injunctive relief against the Attorney General of the State of Louisiana was filed on September 21, 2023, following the enactment of The Defending Affordable Prescription Drug Costs Act ("Act 358"). (Rec. Doc. 1). Plaintiffs challenge the constitutionality of Act 358 alleging that it conflicts with federal law by impermissibly adding state law requirements for participating in the federal drug discount program ("304B Program) in violation of

the Supremacy Clause of the United States Constitution. (*Id.*). There are two related cases (6:23-cv-00997 and 6:23-cv-01042) which request the same relief and allege the same violations.

On January 19, 2024, LPCA filed the Motion to Intervene presently before the Court alleging that they represent the interests of Act 358's intended beneficiaries. (Rec. Doc. 30-1). LPCA maintains that its members participate in the 304B Program and rely on contract pharmacy arrangements to meet the pharmacy needs of their patients. (*Id.*). Accordingly, LPCA contends that they are "entitled to intervene under Federal Rule of Civil Procedure 24(a) because it has a significant interest in the subject matter of this action that could be impaired by the disposition of the litigation, and no party completely and adequately represents its interests." (*Id.* at p. 1). Alternatively, LPCA requests that the Court "grant permissive intervention under Rule 24(b) because LPCA has claims and defenses that share common questions of law and fact with the action, and its intervention will not cause undue delay or prejudice." (*Id.*).

Plaintiffs object to LPCA's request for intervention arguing that "LPCA has not satisfied the standards for intervention because the Louisiana Attorney General adequately represents its interests." (Rec. Doc. 39, p. 7). Per Plaintiffs, "[t]he only issue in this case is whether Act 358 is unconstitutional, and both the Attorney General and LPCA seek to uphold the statute." (*Id.*). Plaintiffs also contend that

2

LPCA's motion is untimely as it was filed nearly five months after the complaint was filed. (*Id*.). Plaintiffs assert that LPCA is more appropriately situated as an *amicus curiae*. (*Id*. at p. 23).

## Law and Analysis

LPCA seeks to intervene under Federal Rule of Civil Procedure 24(a), which provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the applicant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Thus, a party is entitled to intervene under this provision if (1) the motion is timely; (2) the potential intervenor asserts an interest "related to the property or transaction that forms the basis of the controversy in the case;" (3) the disposition of the case may impair or impede the potential intervenor's ability to protect his interest; and (4) the existing parties do not adequately represent his interest. *John Doe No. 1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001). The applicant must satisfy each factor to show a right to intervene. *Guenther v. BP Retirement Accumulation Plan*, 50 F.4th 536, 542–43 (5th Cir. 2022).

In applying the four-part test, the Fifth Circuit has repeatedly endorsed a "broad policy favoring intervention." *Wal-Mart Stores, Inc. v. Tex. Alcoholic*

3

*Beverage Comm'n*, 834 F.3d 562, 569 (5th Cir. 2016). While the burden is on the proposed intervenor, the rule is liberally construed with doubts resolved in the applicant's favor. *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016). The inquiry is also a flexible one, focusing on the circumstances of each application, and the right is "measured by a practical rather than technical yardstick." *Id*. In the alternative, LPCA seeks to intervene under Federal Rule of Civil Procedure 24(b)(1), which provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1) ("Permissive Intervention ... *In General*.").

Here, Plaintiffs contend that LPCA's interests are adequately represented by the Attorney General, the Motion is untimely, and denial of the Motion would not impede LPCA's rights because it has no private right to enforce Act 358 or the 340B Program. (Rec. Doc. 39). Thus, Plaintiffs maintain that LPCA fails to satisfy the four-part test applied by the Fifth Circuit. *Id*.; *see John Doe No.* 1, 256 F.3d at 375. Plaintiffs also maintain that LPCA is not entitled to permissive intervention because "the discretionary factors—timeliness, prejudice, adequate representation of interests, and inability to contribute to the development of the factual issues at hand—counsel against permitting LPCA to intervene." (Rec. Doc. 39, p. 22).

The Court finds LPCA's position that its interests diverge from those of the Louisiana Attorney General and that it has an interest in the outcome of this litigation compelling. The Court also finds that permitting intervention would not result in undue delay or prejudice negating the timeliness argument. Further, LPCA has already been permitted to intervene in the related cases without objection from the plaintiffs and disallowing such intervention here would be inconsistent. Accordingly, considering the applicable lenient legal standard, and in light of LPCA's permitted intervention in the two related cases (6:23-cv-00997 and 6:23-cv-01042), the Court will grant LPCA's Motion to Intervene. (Rec. Doc. 30).

## Conclusion

For the reasons discussed herein, LPCA's Motion to Intervene (Rec. Doc. 30) is GRANTED.

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of March, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE