**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

ABBVIE INC., et al.,

      *Plaintiffs*,

    v.

LIZ MURRILL,, in her official
capacity as Attorney General of
Louisiana,

      *Defendant*.

**Case No. 6:23-CV-01307**

**JUDGE: Robert R.
Summerhays**

**MAGISTRATE JUDGE:
Carol B. Whitehurst**

**[PROPOSED] ANSWER IN INTERVENTION TO PLAINTIFFS' FIRST AMENDED
COMPLAINT**

Proposed Intervenor-Defendant Louisiana Primary Care Association, Inc., ("Intervenor")

hereby answers the Complaint filed by AbbVie, Inc., Allergan, Inc., Durata Therapeutics, Inc.,

AbbVie Products LLC, Aptalis Pharma US, Inc., Pharmacyclics LLC, and Allergan Sales, LLC

(collectively "Plaintiffs") as follows.

   1.  The first sentence of this paragraph consist of Plaintiff's characterization of

this action, to which no response is required.  The allegations in second sentence of this

paragraph consist of conclusions of law, to which no response is required.  To the extent a

response is deemed required, Intervenor denies those allegations.

   2.  The allegations in this paragraph consist of conclusions of law, to which no

response is required.  To the extent a response is deemed required, Intervenor denies those

allegations.

3.      The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

4.      The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

5.      The allegations in Paragraph 5 are denied for lack of sufficient information to form a reasonable belief as to the truth thereof.

6.      The allegations in the first sentence of this paragraph include conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, Intervenor denies those allegations.  Intervenor lacks sufficient information to confirm or deny the allegations in the second sentence of this paragraph.  Intervenor denies the remaining allegations in this paragraph.

7.      Intervenor admits that manufacturers, including AbbVie, Inc., have adopted policies limiting drug distribution under the 340B program.  The allegations in the rest of this paragraph consists of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

8.      The allegations in this paragraph consist of conclusions of law, Plaintiffs' characterizations of Congress's actions and intent, and Plaintiffs' characterizations of federal litigation, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

9.      Intervenor admits that Attorney General Landry participated, along with

twenty-three other states and the District of Columbia, in the Third Circuit *Sanofi Aventis* case as an amicus curiae.  The other allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of the Louisiana Legislature's actions and intent, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

10.     The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterizations of the Louisiana Legislature's actions and intent, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

11.     Intervenor denies the allegations in this paragraph.

12.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

13.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

14.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

15.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

16.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those

allegations.

17.    Intervenor admits that Plaintiffs' First Amended Complaint asks for both declaratory and injunctive relief.  Intervenor denies, however, that Plaintiffs are entitled to such relief.  The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

18.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

19.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

20.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

21.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

22.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

23.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

24.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in this paragraph.

25.    Intervenor admits the first and fourth sentences of this paragraph.  The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

26.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

27.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

28.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

29.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

30.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

31.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

32.    Intervenor lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

33.    The allegations in this paragraph consist of conclusions of law and Plaintiffs'

characterizations of federal statutes, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

34.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

35.    The allegations in the first sentence of this paragraph consist of conclusions of law, to which no response is required.  Intervenor lacks sufficient knowledge or information to respond to the remaining allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

36.    Intervenor admits that pharmaceutical manufacturers must sign a Pharmaceutical Pricing Agreement as a condition of participation in the 340B Program. Intervenor denies the remaining allegations in the first sentence of this paragraph.  The second and third sentences of this paragraph consists of Plaintiffs' characterization of *Astra USA, Inc. v. Santa Clara County., Cal.*, 563 U.S. 110 (2011) ("*Astra*"), to which no response is required.  Intervenor refers the Court to the *Astra* opinion for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

37.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

38.    Intervenor lacks knowledge or information sufficient to respond to allegations concerning the actions of commercial contract pharmacies.   The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a

response is deemed required, Intervenor denies those allegations.

39.     Intervenor lacks knowledge or information sufficient to respond to allegations concerning the actions of commercial contract pharmacies.  To the extent a response is deemed required, Intervenor denies those allegations.

40.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

41.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

42.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

43.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

44.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

45.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

46.     The allegations in this paragraph consist of conclusions of law and Plaintiffs'

characterization of *Astra*, to which no response is required.  Intervenor refers the Court to the *Astra* opinion for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

47.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor refers the Court to 42 U.S.C. § 256b(d)(2)(A) for a full and accurate statement of its contents.

48.    The allegations in this paragraph consist of conclusions of law and Plaintiffs' characterization of federal agency actions, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

49.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

50.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

51.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

52.    Intervenor lacks knowledge or information sufficient to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

53.    Intervenor denies Plaintiffs' allegations regarding the operation of contract pharmacies and commercial pharmacies.  The remaining allegations in this paragraph consist

of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

54.     The allegations in this paragraph are denied as written.  Answering further, covered entities are required to purchase and retain title to 340B drugs that are shipped to contract pharmacies regardless of the pharmacy inventory model.

55.     Intervenor lacks knowledge or information sufficient to respond.

56.     The allegations in this paragraph consist of Plaintiffs' characterization of a declaration of RADM Krista M. Pedley, Director, Office of Pharmacy Affairs, HRSA, to which no response is required.  Intervenor refers the Court to RADM Pedley's declaration for a complete and accurate statement of its contents.  Declaration of RADM Krista M. Pedley, Director, Office of Pharmacy Affairs, HRSA, *Eli Lilly & Co. v. Becerra*, No. 1:21-cv-00081-SEB-MJD (S.D. Ind.), ECF No. 125-2.  To the extent a response is deemed required, Intervenor denies those allegations.

57.     Intervenor lacks sufficient information to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

58.     The allegations in this paragraph consist of conclusions of law, Plaintiffs' characterization of congressional intent, and findings from an unidentified study, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

59.     The allegations in this paragraph consist of Plaintiffs' characterizations of a government report, to which no response is required.  Intervenor refers the Court to that report for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

60.     The allegations in this paragraph contain Plaintiffs' characterizations of government reports, to which no response is required.  Intervenor refers the Court to those reports for a complete and accurate statement of their contents.  To the extent a response is deemed required, the materials cited in those sources serve as the best evidence of their contents.

61.     The allegations in this paragraph contain Plaintiffs' characterizations of a government report, news articles, and other materials, to which no response is required.  Intervenor refers the Court to those documents for a complete and accurate statement of their contents.  To the extent a response is deemed required, Intervenor denies those allegations.

62.     The allegations in this paragraph contain Plaintiffs' characterization of correspondence and industry publications, to which no response is required.  Intervenor refers the Court to those documents for a complete and accurate statement of their contents.  To the extent a response is deemed required, Intervenor denies those allegations.

63.     The allegations in this paragraph contain Plaintiffs' characterization of news articles, to which no response is required.  Intervenor refers the Court to those documents for a complete and accurate statement of their contents.  To the extent a response is deemed required, Intervenor denies those allegations.

64.     The allegations in this paragraph contain conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor admits that Plaintiffs have restricted shipments to contract pharmacies of 340B drugs purchased by covered entities, and Intervenor denies the remaining allegations.

65.     Intervenor lacks sufficient information to respond to the "initiatives" that Plaintiffs allege in this paragraph.  To the extent a response is deemed required, Intervenor

denies those allegations.

66.    This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 256b(a)(1), to which no response is required.   Intervenor lacks sufficient information to respond to the "initiatives" that Plaintiffs allege in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

67.    Intervenor lacks sufficient information to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

68.    Intervenor lacks sufficient information to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

69.    The allegations in the first sentence of this paragraph consists of Plaintiffs' characterization of a news article, which is the best evidence of what is contained therein, and so no response to the allegations is required.  Intervenor lacks sufficient information to respond to the allegations in the second sentence of this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

70.    The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of an HHS Advisory Opinion, to which no response is required.  Intervenor refers the Court to that document for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.  The second sentence of this paragraph contains Plaintiffs' characterization of unspecified lawsuits, to which no response is required.  To the extent that a response is deemed required, Intervenor denies those allegations.

71.    Intervenor lacks sufficient information to respond to the allegations in this paragraph.  To the extent that a response is deemed required, Intervenor denies those

allegations.

72.    The allegations in this paragraph consist of Plaintiffs' characterization of the actions of an unspecified person or entity; accordingly, Intervenor lacks sufficient information to respond to the allegations in this paragraph.  To the extent a response is deemed required, Intervenor denies those allegations.

73.    The allegations in this paragraph consist of Plaintiffs' characterization of pending lawsuits, to which no response is required.  To the extent a response is deemed required, Intervenor admits that *Novartis Pharm. Corp. v. Johnson*, No. 21-5299 (D.C. Cir.) and *Eli Lilly & Co. v. U.S. Dep't of Health & Human Servs.*, No. 21-3405 (7th Cir.) are pending before those courts.

74.    The allegations in this paragraph consist of Plaintiffs' characterization of a press release, to which no response is required.  Intervenor refers the Court to that document for a complete and accurate statement of its contents.  To the extent that a response is deemed required, Intervenor admits Defendant's status as a signatory to an amicus brief filed on behalf of the state of Louisiana, along with twenty-three other states and the District of Columbia.

75.    The allegations in this paragraph consist of Plaintiffs' characterization of an opinion of the Third Circuit in *Sanofi Aventis U.S. LLC v. U.S. Dept. of Health & Human Servs.*, 58 F.4th 696, 2023 WL 1098017 (3d Cir. Jan. 30, 2023), to which no response is required.  Intervenor refers the Court to that opinion for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

76.    The allegations in this paragraph consist of Plaintiffs' characterization of an opinion of the Third Circuit in *Sanofi Aventis U.S. LLC v. U.S. Dept. of Health & Human*

*Servs.*, 58 F.4th 696, 2023 WL 1098017 (3d Cir. Jan. 30, 2023), to which no response is required.  Intervenor refers the Court to that opinion for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

77.    The allegations in this paragraph consist of Plaintiffs' characterization of an opinion of the Third Circuit in *Sanofi Aventis U.S. LLC v. U.S. Dept. of Health & Human Servs.*, 58 F.4th 696, 2023 WL 1098017 (3d Cir. Jan. 30, 2023), to which no response is required.  Intervenor refers the Court to that opinion for a complete and accurate statement of its contents.  To the extent a response is deemed required, Intervenor denies those allegations.

78.    Intervenor admits that Act 358 was enacted during the 2023 Louisiana Legislative Regular Session.  Intervenor denies the remaining allegations in this paragraph.

79.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

80.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

81.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

82.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

83.    The allegations in this paragraph consist of conclusions of law, to which no

response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

84.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

85.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

86.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

87.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

88.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

89.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

90.    Intervenor denies the allegations in the first sentence of this paragraph. Intervenor lacks sufficient information to respond to the remaining allegations in this paragraph.

91.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

92.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

93.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

94.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

95.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

96.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

97.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

98.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those

allegations.

99.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

100.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

## FIRST CLAIM FOR RELIEF

101.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

102.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

103.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

104.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

105.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

106.    The allegations in this paragraph consist of conclusions of law, to which no

response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

107.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

108.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

109.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

110.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

**SECOND CLAIM FOR RELIEF**

111.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

112.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  Intervenor refers the Court to the United States Constitution for a complete and accurate statement of its contents.  To the extent that a response is deemed required, Intervenor denies those allegations.

113.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those

allegations.

114.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

115.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

116.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

117.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

118.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

119.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

**THIRD CLAIM FOR RELIEF**

120.     Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

121.     The allegations in this paragraph consist of conclusions of law, to which no

18

response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

122.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

123.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

124.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

125.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

126.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

**FOURTH CLAIM FOR RELIEF**

127.    Intervenor restates and incorporates herein by reference the preceding paragraphs of this Answer.

128.    The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor refers the Court to the United States Constitution for a full and accurate statement of its contents.

129.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

130.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

131.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

132.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

133.     The allegations in this paragraph consist of conclusions of law, to which no response is required.  To the extent a response is deemed required, Intervenor denies those allegations.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint contain a prayer for relief, to which no response is required.  If a response is deemed necessary, Intervenor denies the allegations contained in the prayer for relief, and further contends that Plaintiffs are not entitled to the requested relief or any other relief from Defendant.

Intervenor denies any and all allegations in the Complaint that they did not expressly admit—including any allegations set forth in headings or subheadings, rather than in numbered paragraphs—to which a response is required.

20

## AFFIRMATIVE DEFENSES

a.      Intervenor asserts the following affirmative defenses:

b.      Failure to exhaust administrative remedies;

c.      Failure to state a claim upon which relief can be granted;

d.      Statute of limitations and all applicable limitations to the extent deemed applicable;

e.      Lack of standing to the extent deemed applicable;

f.      Waiver and estoppel to the extent deemed applicable; and

g.      Failure to join indispensable parties.

h.      Intervenor reserves the right to amend this pleading and to assert additional affirmative defenses upon further fact investigation and discovery.

Having fully answered, Intervenor respectfully requests the Court dismiss this action and grant them any and all other just and proper relief to which they have shown entitlement.

Respectfully submitted,

*/s/Carroll Devillier, Jr.*
Carroll Devillier, Jr.
LA Bar No. 30477
Breazeale, Sachse & Wilson, LLP
One American Place
301 Main Street, Suite 2300
Baton Rouge, LA 70801
T: (225) 381-8013
Carroll.Devillier@bswllp.com
*Counsel for Intervenor Louisiana Primary Care Association*

*/s/*Ronald S. Connelly
Ronald S. Connelly*
D.C. Bar No. 488298
POWERS PYLES SUTTER & VERVILLE, PC
1501 M Street, N.W., 7th Floor
Washington, DC 20005
T: (202) 466-6550
Ron.Connelly@PowersLaw.com
*Counsel for Intervenor Louisiana Primary Care Association*

*Applying pro hac vice

Dated:  January 19, 2024